OPINION of the Court, by
Ch. J. Boyle.
This was an action of detinue for three slaves $ a verdict was found for the plaintiff, and a motion for a new trial by the defendant being overruled and exceptions taken by him to the opinion of the court, á judgment was entered upon the verdict, from which the defendant has prosecuted this appeal.
It appears from the exceptions which States the evidence given on both sides in the court below, that the plaintiff was the original proprietor of the slaves in question, and that the defendant set up title to them in virtue of an absolute hill of sale executed by the plaintiff to him, purporting to be given for a sum of money in hand paid, and stipulating for the delivery of the slaves by theplaintiff to the defendant at a subsequent day.
The genuineness of the bill of sale is not denied by the plaintiff; fetft isi&fended by him, that the property in the slaves did not pass thereby; first, because *66 •as lie alleges it,is fraudulent; andsecondly, because & Was not to take effect until a, future day,
1. Had it appeared that the bill bf sale had been obtain-ted by the defendant in imposing upon the weakness pffhfr plaintiff, or by the Suggestion of a falsehood, or ttá «oppression of the truth in relation to the subject matter 6f the contract; the plaintiff no doubt might hare avoided it, and the objection would have been as availing in á! court of law, as in a court of equity. But the hill of exceptions exhibits no proof of this sort. There is indeed, evidence which Conduces ⅛ some measure to prove that the bill of sale was fraudulently intended to cover the property of the slaves, and prevent the creditors of the plaintiff from obtaining them. Whether, hov é ver, the evidence is sufficient to establish that fact, is not material to be determined: for if the fact were true, although the bill of sale would, as to creditors and purchasers be void, it would nevertheless be obligatory oh the parties!. In such a cáse the plaintiff Would be prar-ticeps criminis, and no less Culpable than the defendant. To permit him, therefore, to avail¿himself of an objection to the contract on this score* would be in violation of the principles which forbid a man to allege his own turpitude, or to take advantage of Ms own wrong.
2. The position that the property of the slaves did not pass by the bill of sale, because they were to be ^delivered at a future day, is clearly not maintainable,
■" delivery of the possession is not necessary, as, was supp ~«d in the argument, to'transfer the property of á chatte. 1 vests in the purchaser immediately on the sale, insomuch that if the thing’ should perish before the delivery, it would be the loss of tlie purchaser, and hot of the vendor. A freehold estate in land cannot indeed, according to the principles of the common law, be granted to commence in futuro ; but the doctrine grew out of the feudal system, and was never held to be applicable to the sale or transfer of chattels. In the case Of M’Dowell vs. Hall decided (spring term 1812,) a sale Of a slave to take effect after the death of the grantor, was deeii|ed valid, and held to give to the grantee a light to recover the possession of the slave after the death of the grantor in an action of detinue! That was a much stronger case than the present: for the bill of salé in this case purports to transfer an immediate right of property, and is executory only as. to the delivery Of the possession.
*67 We are, therefore, of opinion that the verdict w^s unsupported by the evidence, and that it ought to hsive been set aside, and>a new trial awarded.
The judgment reversed with costs, and the capse remanded for a new trial to be had,